COUNTIES OF WASHINGTON, BRISTOL, KENT AND NEW-
PORT, DURING THE SPRING CIRCUIT, 1869.

PRESENT :

Hon. GEORGE A. BRAYTON, Chief Justice.
Hon. THOMAS DURFEE, } Justices.
Hon. ELISHA R. POTTER, }

## WASHINGTON COUNTY, FEBRUARY TERM, 1869.

### Stephen Burdick *v.* William B. Weeden.

Where the excess of damages awarded by a verdict of a jury is so gross and
palpable that in the opinion of the Court the verdict ought not to stand as
found, the court will grant a new trial, unless the plaintiff will enter a *remittitur*
of record to the amount of the excess over what the court think a liberal com-
pensation for the damages he has been shown to have suffered.

Motion for a new trial. All the facts of the case essential
to an understanding of the points decided, are sufficiently stated
in the opinion of the court.

*Currey and Douglass, for plaintiff.*

*Dixon and Hazard, for defendant.*

DURFEE, J.* The defendant asks for a new trial on the two grounds, that the damages are excessive, and that the verdict was against the evidence and the weight thereof.

1. The plaintiff claimed damages for injuries to his water rights or mill privileges, including a grist mill, carding-mill and saw-mill, occasioned by two raisings of the defendant's dam, to wit., in 1845, before it belonged to the defendant, and on the 10th of September, 1864, after it belonged to the defendant. It is admitted that, two suits having been tried as one, the plaintiff's claim for damages covered a period of seven months, from March 1st, 1864, to October 1st, 1864. The plaintiff testified, if we correctly understand the report, that previous to the second raising, the grist-mill ground at the rate of from 75 to 100 bushels per day ; and that, by the second raising, its production was diminished nearly, if not quite, one-half. If, as is. assumed by both parties, the toll was two quarts per bushel, and was of the value of one dollar per bushel, the plaintiff's daily loss, supposing the production diminished one-half, and that previously it was 100 bushels per day, would be $3.12½ per day. The plaintiff testified, that before the raising, he took for carding from $500 to $600 a year, and that the loss since the raising has been from one-third to one-half. Calling the annual receipts $600 and the loss one-half, the loss in two thirds of a month, from September 10th to October 1st, 1864, would amount to $16.66⅔. The plaintiff also testified that his saw-mill, which, he thinks, had earned him from $200 to $300 a year, has ceased to earn him anything. Putting the earnings at $300, the loss in two-thirds of a month is $16.66⅔. The total loss, at these estimates, on the earnings of the three mills, from September 10th, the time of the second raising, to October 1st, 1864, would be $53.12½+$16.66⅔+$16.66⅔=$86.45⅚. This is for loss subsequent to the second raising ; but the plaintiff's claim covered a period of six and one third months prior to the second raising, for damages, if any there were, resulting solely from the first raising. We have not been referred to evidence, for we have not

---

* BURGES, J., sat with the court in this case. POTTER, J., having been of counsel, did not sit.

read the mass of testimony which is reported, and not referred to in either brief, which shows that the earnings of the plaintiff's mills, if diminished at all, were diminished to any considerable extent by the first raising ; and, so far as we perceive, any esti- mate of damages resulting from the first raising (supposing it to have been an infringement of the plaintiff's privilege) which the jury may have formed, must have been purely conjectural. We have not been referred to evidence of other injuries which properly could, in our opinion, add very largely to the damages ; nor do we think there is evidence of such wantonness or malice on the part of the defendant, in the second raising, as ought ma- terially to aggravate the damages. The jury, however, found a verdict for $1.800. The excess, in our opinion, is so gross and palpable, that the verdict ought not to be allowed to stand as found. We think the plaintiff would be liberally compen- sated for the damages which he is shown to have suffered dur- ing the period covered by his claim, by any evidence to which we have been referred, by $200. We shall therefore grant the defendant a new trial, limited to the question of damages and a new award thereof, unless the plaintiff will remit $1,600 and take judgment simply for $200 and costs.

2. We are not satisfied that the defendant is entitled to a new trial on the other ground.

*Remittitur of $1,600 entered, and judgment recorded for $200 and costs.*